**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **NANAABA ESHUN** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE** |
| | ) | |
| **vs.** | ) | **NO.** |
| | ) | |
| **GREAT ATLANTIC NEWS,** | ) | |
| **LLC DBA TNG** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff NANAABA ESHUN ("PLAINTIFF") hereby states a claim for

relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for

unpaid overtime compensation and to obtain full and complete relief to redress the

unlawful employment practices described herein:

### *Jurisdiction and Venue*

1.     The Court has subject-matter jurisdiction over this action pursuant to

28 U.S.C. § 1331 because PLAINTIFF'S claims for unpaid overtime and other

relief arise under the laws of the United States, and 29 U.S.C. § 216(b) which

allows actions arising under the FLSA to be maintained in any federal court of

competent jurisdiction.

2.     Under 28 U.S.C. § 1391 (b), venue is appropriate in this district

because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### *The Parties*

3.　　At all relevant times, PLAINTIFF was a resident of the State of Georgia.

4.　　At all relevant times, DEFENDANT GREAT ATLANTIC NEWS, LLC DBA TNG ("DEFENDANT"), was a Delaware corporation doing business in the Northern District of Georgia, Atlanta Division.

5.　　DEFENDANT is subject to personal jurisdiction of this Court.

6.　　DEFENDANT can be served through its registered against for service of process: C T Corporation

### *Grounds for this Action*

7.　　PLAINTIFF is a former employee of DEFENDANT.

8.　　PLAINTIFF was employed by DEFENDANT from on or about December 2007 to on or about February 17, 2017.

9.　　PLAINTIFF was employed as a "Promotion Specialist" from September 2014 until February 17, 2017.

10.　　DEFENDANT classified PLAINTIFF's position as exempt for purposes of overtime compensation under the FLSA.

11.　　DEFENDANT compensated PLAINTIFF with a salary for all hours in

a workweek.

12.    PLAINTIFF's primary job duty of making specific sales to customers was not directly related to management or general business operations of Defendant or its customers; nor did PLAINTIFF's primary duty involve the exercise of discretion and independent judgment on matters of significance.

13.    PLAINTIFF was an "employee" of DEFENDANT within the meaning of 29 U.S.C. § 203(e)(1).

14.    During PLAINTIFF's employment, DEFENDANT was an "employer" within the meaning of 29 U.S.C. §203(d).

15.    During PLAINTIFF's employment, DEFENDANT was not exempt from the overtime obligations for an "employer" under the FLSA.

16.    During each year of PLAINTIFF's employment, DEFENDANT had an annual gross volume of sales made more than $500,000.

17.    During each year of PLAINTIFF's employment, DEFENDANT had employees engaged in commerce within the meaning of the FLSA-who participated in the movement of persons or things in interstate commerce by regularly using the instrumentalities of interstate commerce in their work such as the telephone, internet, and the U.S. Mail, for interstate communications.

18.    During each year of PLAINTIFF's employment, DEFENDANT was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

19.     As DEFENDANT's employee, PLAINTIFF engaged in commerce within the meaning of the FLSA by participating in the movement of persons or things in interstate commerce by regularly using the instrumentalities of interstate commerce in her work, such as the telephone, internet, and U.S. Mail, for interstate communications.

20.     As DEFENDANT's employee, PLAINTIFF was engaged in commerce and was employed by an enterprise engaged in commerce within the meaning of the FLSA.

21.     During PLAINTIFF's employment, PLAINTIFF was covered by 29 U.S.C. § 207(a).

22.     At various times, PLAINTIFF worked more than 40 hours in a workweek during his employment by DEFENDANT.

23.     DEFENDANT did not pay PLAINTIFF all the overtime compensation properly due for work performed in excess of 40 hours in a workweek.

24.     DEFENDANT and DEFENDANT's management were aware of the extra hours PLAINTIFF worked in excess of 40 hours in a workweek.

25.     At various times, PLAINTIFF's actual hours worked in a workweek ranged from the low 40's to more than 70 hours, with DEFENDANT not paying PLAINTIFF all the overtime compensation properly due for those workweeks.

## *CLAIMS AGAINST THE DEFENDANT*

### Count 1
### *29 U.S.C. § 207(a)*
### *(Unpaid Overtime Compensation)*

26.     PLAINTIFF re-alleges and adopts Paragraphs 1-25 above and incorporates them by reference herein.

27.     By engaging in the conduct alleged above in Paragraphs 22-25, DEFENDANT violated the FLSA with respect to PLAINTIFF by not paying all the overtime compensation properly due for all hours worked in excess of 40 hours in a workweek, all in violation of 29 U.S.C. §§ 207(a), 216.

28.     By engaging in the conduct alleged above in Paragraphs 22-25, DEFENDANT willfully violated the FLSA with respect to PLAINTIFF, all in violation of 29 U.S.C. § 255.

29.     As a direct and proximate result of DEFENDANT's conduct alleged above in Paragraphs 22-25, PLAINTIFF was not paid all overtime compensation properly due her as required by the FLSA.

30.     DEFENDANT's conduct giving rise to this action was not in good faith and not based on any reasonable grounds for believing such conduct did not violate the FLSA.

31.     By failing to accurately report, record and/or preserve records of hours worked by PLAINTIFF, DEFENDANT has failed to make, keep and

preserve records with respect to its employees, including PLAINTIFF sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA.

32.     As a direct and proximate result of DEFENDANT's conduct alleged above in Paragraphs 22-25, PLAINTIFF is entitled to recover unpaid overtime compensation and an additional equal amount as liquidated damages, post-judgment interest, pursuant to 29 U.S.C. § 216(b), and all in an amount to be determined as specified by law.

**Count 2**
***29 U.S.C. § 215***
**(Retaliation)**

33.     PLAINTIFF re-alleges and incorporates Paragraphs 1 through 32 of this Complaint, as if fully set forth herein.

34.     PLAINTIFF engaged in protected activity under the FLSA when she complained about DEFENDANT's failure to pay her overtime compensation as required.

35.     By terminating PLAINTIFF's employment as a result of her FLSA complaint, the DEFENDANT unlawfully retaliated against PLAINTIFF, in violation of § 215 of the FLSA.

36.     The DEFENDANT's retaliatory conduct towards PLAINTIFF was willful, intentional, malicious and/or reckless.

37.     The DEFENDANT's retaliatory acts would dissuade reasonable employees of DEFENDANT from making complaints regarding DEFENDANT's unlawful compensation practices.

38.     Due to DEFENDANT's unlawful retaliation, PLAINTIFF has suffered and continues to suffer harm, including financial loss and emotional distress.

39.     As a result of DEFENDANT's retaliation, PLAINTIFF is entitled to all legal and equitable relief available pursuant to §216(b) of the FLSA, including but not limited to front pay, back pay, liquidated damages in an amount equal to all lost wages, non-pecuniary damages for emotional distress, attorneys' fees, and costs.

## *PRAYER FOR RELIEF*

WHEREFORE, plaintiff NANAABA ESHUN respectfully prays that this Court enter judgment in her favor and against DEFENDANT for:

A.     All amounts of unpaid overtime compensation that PLAINTIFF would have received but for DEFENDANT's unlawful conduct, pursuant to 29 U.S.C. § 216(b).

B.     An additional equal amount of all unpaid overtime compensation as liquidated damages, pursuant to 29 U.S.C. § 216(b).

C.     All reasonable attorney's fees and costs of the action through the entry

of judgment, pursuant to the FLSA, including all reasonable attorney's fees and costs for:

(1)     The time spent plus costs reasonably incurred throughout this action relating to the claim of PLAINTIFF under the FLSA;

(2)     The time spent litigating both the entitlement to and amount of attorney's fees and costs incurred throughout this action plus costs of investigation and litigation reasonably incurred relating to the claim of PLAINTIFF under the FLSA, whether in connection with any settlement, compromise, any accepted offer of judgment under Fed. R. Civ P. 68, or any other form of judgment entered pursuant to Fed. R. Civ P. 54-58.

(3)     The time spent litigating the fairness and reasonableness of any settlement, compromise, or accepted offer of judgment under Fed. R. Civ P. 68, or any other form of judgment entered 54-58, pursuant to and as required by *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982), and

(4)     The time spent explaining to PLAINTIFF any settlement, compromise, or accepted offer of judgment under Fed. R. Civ P. 68, or any other form of judgment entered pursuant to Fed. R. Civ P. 54-58.

D.     Post-judgment interest on all amounts awarded pursuant to the FLSA, including lost compensation, liquidated damages, and litigation expenses including attorney's fees, costs, and costs of investigation and litigation of this action, as

authorized by law.

      E.      All such other and further relief as may be deemed just and proper.

## **DEMAND FOR JURY TRIAL**

**Plaintiff demands a jury trial on all issues triable of right by a jury.**

Respectfully submitted: August 14, 2017.

/s/ Debra K Scott, Esq.
Georgia Bar No. 631980

PETREE & SCOTT
2296 Henderson Mill Rd.
Suite 404
Atlanta, GA 30345
Tel:  404-938-1061
Fax: 770-939-7855
Email: dscott@petreescott.com

*Attorneys for the Plaintiff*