# CONFIDENTIAL SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and Full and Final Release of All Claims (hereafter, the "Agreement" or the "Settlement Agreement") is made and entered into by and between Plaintiff, Nanaaba Eshun (hereafter referred to as "Plaintiff"), and Defendant Great Atlantic News, LLC (hereafter "Great Atlantic"), for itself and its parents, subsidiaries, divisions, subdivisions, and affiliates, and with respect to Civil Action Number 1:17-CV-03053-SJC filed in the United States District Court Northern District of Georgia.

## WITNESSETH:

**WHEREAS**, Plaintiff was employed by Defendant Great Atlantic; and

**WHEREAS**, on or about August 17, 2017, Plaintiff filed the above-referenced civil action (hereafter the "Civil Action"); and

**WHEREAS**, Plaintiff asserts claims in the Civil Action for failure to pay overtime and retaliatory discharge under the Fair Labor Standards Act ("FLSA"); and seeks damages for back pay, front pay, liquidated damages, compensatory damages, attorney's fees, and costs; and

**WHEREAS**, Defendant has denied and continues to deny any liability to Plaintiff on the basis of any claim, asserted or unasserted, in the Civil Action; and

**WHEREAS**, Defendant asserts that there is no factual or legal basis for the allegations in the Civil Action; and

**WHEREAS**, the Agreement constitutes a good faith settlement of disputed claims; and

**WHEREAS**, the Agreement shall not be deemed in any manner an admission, finding or indication for any purposes whatsoever that Defendant, or any of its officials, officers, employees and/or other agents, acted contrary to the

law or violated the rights of Plaintiff or any other person at any time; and

**NOW, THEREFORE,** in exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, Defendant and Plaintiff agree as follows:

## *CONFIDENTIAL AGREEMENT*

1. Plaintiff agrees (a) not to disclose the terms of the Agreement; (b) not to initiate discussions, correspondence or other communications regarding the terms of the Agreement; (c) to confine any unavoidable remarks relating directly or indirectly to the terms of the Agreement to a statement to the effect that "the matter has been resolved to the mutual satisfaction of all interested parties"; and (d) not to show the Agreement to or discuss its contents with any person other than her attorneys, her tax preparer/accountant, the Internal Revenue Service, the Georgia Department of Revenue, or such other persons as she may otherwise be required by law to make such a disclosure. Plaintiff understands and acknowledges that the foregoing is a material term of this Agreement. Defendant understands and acknowledges that this Agreement must be filed with the Court for its approval and further acknowledges that the filing of the Agreement with the Court does not constitute a breach of the confidentiality obligations set forth herein.

## *CONSIDERATION*

2. Defendant will cause to be paid to Plaintiff and her attorney the Settlement Amount which consists of the following: (1) a check made payable to Petree and Scott, PC in the amount of $10,000.00 for attorney's fees and costs, (2) a check made payable to Nanaaba Eshun in the amount of $10,000.00 minus regular tax withholdings (which shall be deemed wages), and (3) a check made payable to Nanaaba Eshun in the amount of $10,000.00 without tax withholdings (which shall be deemed liquidated damages under the FLSA). These amounts will

be paid promptly following Court approval of this Settlement Agreement, which is a condition precedent.

Plaintiff's attorneys agree to provide Defendant's attorneys a completed W-9 form prior to payment. The foregoing sums are inclusive of all attorneys' fees and legal costs and expenses, and are in full accord, satisfaction, and final compromise settlement of all disputed claims between the parties for monetary, legal and equitable relief, attorneys' fees, and legal costs and expenses, including but not limited to those claims set forth and/or which could have been set forth in the Civil Action. Except as expressly provided for in this Paragraph, the parties shall bear their own costs with respect to the Civil Action, including attorneys' fees and costs and all out-of-pocket expenses.

## DISMISSAL OF ACTION

3. Plaintiff agrees to dismiss, with prejudice, the Civil Action and agrees that she will not attempt (or authorize an attempt) to re-initiate the claims set forth in the Civil Action, any claims which could have been set forth therein, or any claims which could have arisen therefrom, in any manner, as of the time this Agreement is executed. Promptly (within seven (7) days) after the Court's approval of this Settlement Agreement, and payment of the settlement funds due under Paragraph 2 above, Plaintiff will file with the Court a Stipulation of Dismissal with Prejudice.

## WAIVER AND RELEASE OF ALL CLAIMS

4. Plaintiff, for herself, her attorneys, agents, assigns, heirs, executors, administrators and successors, hereby fully, finally and forever releases and discharges Defendant and all of its current or former attorneys, officers, officials, employees, assigns, principals and/or agents from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses and attorneys' fees

of any kind and every character whatsoever, whether known or unknown, which she has or may have against them growing out of or arising from or pertaining to (a) any transaction, dealing, conduct, act or omission by and between Plaintiff and Defendant, or (b) any other matters or things occurring or existing at any time prior to the execution of the Agreement, and/or (c) growing out of, arising from or in any way connected with or related to her employment with Defendant, including but not limited to, the Civil Action, and the matters which were alleged or could have been alleged in the Civil Action. Plaintiff represents that she is unaware of any other claim, demand, action, cause of action or suit for damages, losses, costs, expenses or attorneys' fees, which she has or may have against Defendant, at this time, whether or not related to her employment. Plaintiff further agrees and acknowledges that Defendant is relying upon this representation in entering into this Agreement. Furthermore, and without in any way limiting the foregoing, the claims waived and released by Plaintiff include any possible or alleged claims under the Americans with Disabilities Act, the Fair Labor Standards Act, the Equal Pay Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the National Labor Relations Act, 42 U.S.C. Section 1981, and all amendments to the foregoing, and any and all possible claims under federal laws and/or the laws of the State of Georgia and any other state, any and all possible claims under common law, and any and all claims for back pay, benefits, interest, front pay, lost retirement benefits, compensatory damages, punitive damages, liquidated damages, attorneys' fees, costs, and declaratory relief. Nothing in this Agreement is intended to waive or release any claim that may arise after this Agreement is executed.

    5.    Plaintiff represents and warrants that Plaintiff's Attorneys are, and

have been, the sole attorneys for her with respect to the Civil Action, and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Civil Action; and that the amounts paid by Defendant under the Agreement are intended to include all legal fees, costs, and/or expenses for which Defendant could be liable in connection with the Civil Action.

## WARRANTY

6. Plaintiff represents and warrants that she alone is entitled to assert any claim she may have against Defendant of any kind or character arising out of, or as a consequence of, her employment with Defendant, including but not limited to, the matters which were alleged or could have been alleged in the Civil Action. Plaintiff further represents and warrants that she is fully authorized to enter into this Agreement and that she has not transferred or assigned any right to any claim or recovery against Defendant. Plaintiff agrees to indemnify and hold Defendant harmless from any claim by any other person who is determined to have the right or authority to assert any claim on her behalf against Defendant, or by reason of any such transfer or assignment, as described in this Paragraph, and further agrees to indemnify and hold Defendant harmless from any costs, expenses or damages sustained by reason of any such claim.

## ENTIRE AGREEMENT

7. Plaintiff affirms that the only consideration for her agreement to execute, and her execution of the Agreement, are the terms stated herein and that there are no other promises or agreements of any kind that have caused her to execute the Agreement; that she fully understands the meaning and intent of the Agreement, including but not limited to its final and binding effect; that she has been advised to consult with legal counsel prior to executing the Agreement; that she has had a reasonable period of time within which to consider the Agreement;

and that she has had the benefit of legal counsel before executing the Agreement.

## REMEDIES FOR BREACH

8. In the event of a breach of any of the terms of the Agreement by Plaintiff, or Defendant, the prevailing party shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder.

## CONSTRUCTION

9. Any modification or change to this Agreement must be made in writing with the consent of all parties.

## NON-DISPARAGEMENT

10. Plaintiff agrees and promises that unless required by law to do so, she will not make any oral or written statements or reveal any information to any person, company, agency or other entity which disparages or damages Defendant's reputation or business. Defendant agrees and promises that, unless required by law to do so, it will not make any oral or written statements or reveal any information to any person, company, agency or other entity which disparages or damages Plaintiff.

## JUDICIAL APPROVAL OF SETTLEMENT

11. The parties agree to submit this Agreement to the Court for judicial review and approval. No portion of the payment described in Paragraph 2 of this Agreement will be disbursed to Plaintiff until the Court has approved this Agreement. In the event the Court fails to approve this Agreement, this Agreement shall become void and of no further effect.

## OTHER RELIEF, AGREEMENTS AND COVENANTS

12. This Agreement is made and entered into in the State of Georgia and

shall be interpreted under and governed by the laws of the State of Georgia.

13. Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.

14. This Agreement inures to the benefit of Defendant and their successors, assigns, heirs, executors, and administrators, and Plaintiff consents and agrees that to the extent required by law, this Agreement may be freely assigned to, and enforced by, Defendant's successors and assigns.

### JURISDICTION AND VENUE

15. Any proceeding to interpret or enforce the terms of this Agreement shall take place in a state Court located in Fulton County, Georgia, or in the United States District Court for the Northern District of Georgia, Atlanta Division, and Plaintiff and Defendant consent and agree to the jurisdiction of such courts and the venue of such proceedings.

Date: June 10, 2018

Nanaaba Eshun, Plaintiff

Great Atlantic News, LLC

Date: June ____, 2018    By: _____

SO AGREED AND APPROVED BY:

s/ Debra K Scott
Debra K. Scott
Georgia Bar No. 631980
dscott@gaemploymentattorneys.com
PETREE & SCOTT, PC
2296 Henderson Mill Rd.
Suite 404
Atlanta, Georgia 30345
(404) 938-1061 (telephone)
(470) 299-1128(fax)

Attorney for Plaintiff

s/ Howard B. Jackson
Howard B. Jackson
Georgia Bar No. 387010
WIMBERLY LAWSON WRIGHT DAVES & JONES, PLLC
550 Main Ave., Suite 900
P.O. Box 2231
Knoxville, TN 37901-2231
(865) 546-1000 (telephone)
(865) 546-1001 (fax)

Attorney for Defendant